{¶ 12} Respectfully, I dissent. I would hold that the trial court erred in denying appellant's petition for post-conviction relief on the basis of res judicata.
 {¶ 13} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by thedefendant at the trial which resulted in that judgment ofconviction, or on an appeal from that judgment." State v.Perry (1967), 10 Ohio St.2d 175, and reaffirmed in State v.Szefcyk (1996), 77 Ohio St.3d 93. In light of this doctrine, a defendant cannot raise an issue in a petition for post conviction relief if he or she could have raised the issue at trial and challenged any adverse findings on direct appeal. State v.Reynolds (1997), 79 Ohio St.3d 158.
 {¶ 14} At sentencing, defense counsel informed the trial judge that he had reviewed the presentence investigation report that morning and discovered, for the first time, allegedly exculpatory information that there may have been two males involved in the murder for which appellant was convicted, and that this information had not been provided to him by the prosecutor, despite his discovery requests. Specifically, counsel told the judge that the report contained information that an East Cleveland councilwoman had spoken with the East Cleveland police and told them that she had information from a reliable source that two males had been robbing "dope boys" and may have had something to do with the murder. In addition, the presentence investigation report stated that a confidential reliable informant had told one of the detectives that he knew the street names of the two men involved in the murder as "Man Man" and "Lil Wil." The report also stated that the police had been approached by another witness who said he could identify the two males involved in the homicide as Jake Harris, also known as "Man Man" and appellant, also known as "Lil Wil."[3] Finally, defense counsel told the judge that the report contained information that Ronnie McClutchen, a deceased ex-football player for the National Football League, had met with appellant the evening of the murder and told him that he would loan him $250 to cover money appellant had lost while gambling with the victim earlier in the day. Defense counsel informed the trial judge that none of this information had been provided to him by the prosecutor. Defense counsel made no motion nor did he request any relief from the court at that time. The trial judge did not respond to defense counsel's statements and proceeded to sentencing.
 {¶ 15} The majority erroneously concludes that defense counsel's unsworn statements to the judge during appellant's sentencing were sufficient to create evidence and hence a litigated and appealable issue and, therefore, that appellant's petition for post conviction relief was barred by the doctrine of res judicata. It is axiomatic, however, that unsworn statements of counsel are never evidence, regardless of whether they are made during trial or, as the majority characterizes it, "during the sentencing phase of trial." The mere fact that defense counsel told the trial judge at sentencing that it appeared that the prosecutor may have withheld exculpatory evidence does not transform counsel's assertions into "evidence" in the trial record sufficient to support a direct appeal.
 {¶ 16} Likewise, the fact that the presentence investigation report is contained in the trial court record is not sufficient, in this case, to transform the possibility that the prosecutor failed to turn over exculpatory evidence into an appealable issue. As with counsel's assertions to the trial judge, none of the statements in the presentence investigation report about what the police were told are evidence; they are merely the double hearsay (and in one case triple hearsay) assertions of others to the probation officer who compiled the report. The only thing the report contains are "clues" to where evidence might be found to support appellant's contention that the prosecutor may have had possession of exculpatory information but did not provide such information to appellant. Any such evidence is necessarily outside the trial record and, therefore, the issue could not have been raised on direct appeal.
 {¶ 17} The majority also erroneously concludes that because the issue was mentioned "during the sentencing phase of trial," it somehow became an appealable issue for direct appeal. The doctrine of res judicata bars a defendant from raising, in a petition for post conviction relief, issues that were or could have been raised "at the trial." There was no trial of this issue, however. A trial is "a judicial examination and determination of issues between parties to an action." Black's Law Dictionary, 5th Ed. Here, the issue was mentioned during sentencing, but there was no determination or ruling by the trial judge regarding defense counsel's expressed concern that the prosecutor might have withheld evidence. And there was no request by counsel for such a determination. Moreover, a sentencing is not a trial; a sentencing is held only after a trial is concluded and a verdict has been rendered.
 {¶ 18} Finally, the majority's conclusion that defense counsel's statement that he would "appeal" somehow made the issue appealable is simply wrong, and further constitutes a misreading of counsel's statement. In context, it is clear that defense counsel stated that he would appeal the verdict of guilty in the case; not the specific issue of failure to produce exculpatory evidence. Upon that issue, counsel requested no relief, and the court made no ruling.
 {¶ 19} It is clear to me that the first inkling that the defense had that there might be exculpatory evidence in this case came after the trial. That defense counsel's suspicions were raised with the court in a colloquy at sentencing is irrelevant to the inquiry. There is absolutely no evidence beyond counsel's articulated suspicions in the record in support of this issue. There is no doubt in my mind that had appellate counsel attempted to raise this issue (in the state it was at sentencing) on direct appeal, this court would have given the issue short-shrift as there is absolutely no evidence whatsoever in the record that would support such an argument.
 {¶ 20} The post conviction relief process, as a collateral civil attack on a criminal judgment, is a means to reach constitutional issues that would otherwise be impossible to reach because the trial court record does not contain evidence supporting those issues. State v. Conway, Franklin App. NO. 05AP-76, 2005-Ohio-6377, at ¶ 9; State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233. Thus, a petition for post conviction relief may defeat the res judicata bar if its claims are based on evidence outside the record. State v. Cole (1982),2 Ohio St.3d 112, 113-114.
 {¶ 21} Here, the transcript of sentencing allows us to be privy to defense counsel's discovery that there may be
exculpatory evidence extant in the case. The transcript of sentencing however, contains no evidence itself, and could never support a direct appeal of the issue.
 {¶ 22} I do not decide here the merits of appellant's petition for post-conviction relief. It may well be that defendant can prove nothing of what was hinted-at in the presentence investigation report. It may be that this evidence, if proved, is immaterial. It may be that the evidence is material, but not of a nature to call into doubt the verdict. Nonetheless, the doctrine of res judicata does not bar this petition for post conviction relief.
[3] The significance of this was that "Man Man" testified as a witness against appellant in the trial, stating that he saw appellant run from the building after the shooting, and in no-way implicating himself in the homicide.